```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
GERALD STEVENS,

                         Plaintiff,                    06-CV-6607T

          v.                              **DECISION**
                                                          **and ORDER**

JO ANNE B. BARNHART, Commissioner
of Social Security

                         Defendant.
_____

## **INTRODUCTION**

Plaintiff Gerald Stevens ("Stevens") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security ("Commissioner") improperly denied his application for disability benefits.[1] Specifically, Stevens alleges that the decision of an Administrative Law Judge ("ALJ") who heard his case was erroneous because it was not supported by the substantial evidence contained in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Stevens opposes the defendant's motion.

---

[1] This case (formerly civil case 01-CV-0919-E(Sr)) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 4, 2006.

**BACKGROUND**

On September 26, 1996, plaintiff Gerald Stevens, at the time a 49 year old former laborer, applied for Social Security disability benefits claiming that he had become unable to work as of September 5, 2006, due to epilepsy, depression/manic depression, and memory loss. Stevens' application for benefits was denied, as was his request for reconsideration. Thereafter, plaintiff, represented by an attorney, requested an administrative hearing which was held on August 10, 1998 before ALJ Bruce R. Mazzarella. By decision dated November 12, 1998, the ALJ denied plaintiff's application. Thereafter, Stevens' appeal of the ALJ's decision to the Social Security Appeals Board was denied, and on December 19, 2001, plaintiff filed this action.

**DISCUSSION**

I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the

court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monquer v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

## II. The Commissioner's decision to deny Plaintiff benefits is supported by substantial evidence on the record.

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act. A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d) (1991). Specifically, the ALJ found that while plaintiff suffered from a seizure disorder, an organic mental disorder, and high frequency loss of hearing, those conditions did not rise to the level of an impairment under the Social Security Regulations. The ALJ also found that the plaintiff's non-compliance with taking prescribed medication prevented him from fully restoring his ability to return to work. Additionally, the ALJ found that the plaintiff lacked severe mental limitations which would have prevented him from returning to work.

In so holding, the ALJ properly performed the five-step sequential evaluation of plaintiff's condition to determine that plaintiff was not disabled. The ALJ properly determined that the plaintiff was not engaged in substantial gainful employment; that plaintiff's conditions other than seizure disorder—either individually or in combination—were not severe conditions; that

plaintiff's seizure disorder, an organic mental disorder, and high frequency loss of hearing-either alone or in combination with his other impairments-were not disabling; that plaintiff could no longer perform the functions of his previous employment; and that plaintiff retained the functional residual capacity to perform jobs that exist in significant numbers in the national economy. In doing so, the ALJ properly evaluated the medical record, and gave appropriate weight to the opinions of plaintiff's treating physicians and examining physicians.

The record reveals that plaintiff's ability to perform a range of daily activities contradicts his claims of disability. Plaintiff reported that he is able to handle basic activities of daily living without difficulty including preparing meals, doing the laundry, and maintaining his lawn and pool. Plaintiff also stated that he, alone, took his granddaughter on lengthy bus rides to the park and played with her.

Substantial evidence exists in the record which supports the ALJ's conclusion that plaintiff was not disabled during the relevant period, and therefore, the Commissioner's decision is affirmed.

## Conclusion

Because the court finds that the Commissioner's decision was made in accordance with the applicable law, and was supported by substantial evidence in the record, the court hereby grants

judgment on the pleadings in favor of the defendant.  Plaintiff's motion for judgment on the pleadings is denied.

ALL OF THE ABOVE IS SO ORDERED.

                                               s/Michael A. Telesca
                                                 MICHAEL A. TELESCA
                                     United States District Judge

Dated:   Rochester, New York
         January 4, 2007